IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF UTAH, DIVISION

| | |
|---|---|
| Samantha Carter,<br><br>Plaintiff,<br><br>v.<br><br>Porsche Salt Lake and Strong Autobahn, LLC,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER AND SCHEDULING ORDER<br><br>Case No. 2:21-cv-708 DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Defendants' Motion for Initial Scheduling Conference.[1] (ECF No. 19.) The court deems the motion MOOT and enters the scheduling order as set forth below.

On January 4, 2022, the court entered an order to propose schedule, ordering Plaintiff who is appearing pro se, to propose a discovery schedule to the Defendants in the form of a draft attorney planning meeting report. (ECF No. 17.) Plaintiff filed an Attorney Planning Meeting Report with the court on January 20, 2022, setting forth a discovery deadline of February 25, 2022, which is approximately one month away, and a dispositive motion deadline of March 1, 2022. The report has electronic signatures of Plaintiff and Defendants' counsel.

The next day on January 21, 2022, Defendants filed the instant motion. In the motion Defendants note that the parties were able to agree on some dates, however, the parties reached an impasse with respect to the discovery deadlines. Most concerning to the court is Defendants' representation that their counsel "never signed the document, nor did he give Plaintiff permission to sign the document on his behalf." Mtn. p. 2, ECF No. 19.

---

[1] The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). (ECF No. 16.)

1

The Local Rules provide that "an appropriate electronic signature, as outlined in the ECF Procedures Manual, will be used on all documents". The ECF Procedures Manual sets forth guidance for when a party may use the electronic signature of another party. Requirements include getting a verbal approval or maintaining a signed original of the document on file. The Tenth Circuit "has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Plaintiff is ORDERED to comply with all rules regarding the use of electronic signatures. Misuse of another party's signature in the future may result in the imposition of sanctions.

The court has carefully reviewed the Attorney Planning Meeting Report and finds the discovery dates proposed by Plaintiff unreasonable and impractical for the needs of this case, especially in light of the current environment where litigants are operating under the challenging circumstances created by the COVID pandemic. The court will therefore enter Defendants' proposed scheduling order which renders MOOT the need to hold an Initial Scheduling Conference.

IT IS SO ORDERED.

DATED this 25 January 2022.

_____
Dustin B. Pead
United States Magistrate Judge

The following matters are scheduled. The times and deadlines set forth herein may not be modified without the approval of the court and on a showing of good cause pursuant to Fed. R. Civ. P. 6.

**\*\*ALL TIMES 4:30 PM UNLESS INDICATED\*\***

| 1. | | **PRELIMINARY MATTERS** | **DATE** |
|---|---|---|---|
| | | Nature of claims and any affirmative defenses: | |
| | a. | Date the Rule 26(f)(1) conference was held? | N/A |
| | b. | Have the parties submitted the Attorney Planning Meeting Report? | N/A |
| | c. | Deadline for 26(a)(1) initial disclosures? | 2/11/22 |
| 2. | | **DISCOVERY LIMITATIONS** | **NUMBER** |
| | a. | Maximum number of depositions by Plaintiff(s): | 5 |
| | b. | Maximum number of depositions by Defendant(s): | 5 |
| | c. | Maximum number of hours for each deposition (unless extended by agreement of parties): | 5 |
| | d. | Maximum interrogatories by any party to any party: | 35 |
| | e. | Maximum requests for admissions by any party to any party: | 35 |
| | f. | Maximum requests for production by any party to any party: | 35 |
| | g. | The parties shall handle discovery of electronically stored information as follows: | |
| | h. | The parties shall handle a claim of privilege or protection as trial preparation material asserted after production as follows: | |
| | i. | Last day to serve written discovery: | 8/5/22 |
| | j. | Close of fact discovery: | 9/9/22 |
| | k. | (optional) Final date for supplementation of disclosures and discovery under Rule 26(e): | 8/5/22 |
| 3. | | **AMENDMENT OF PLEADINGS/ADDING PARTIES**[1] | **DATE** |

| | | | |
|---|---|---|---|
| | a. | Last day to file Motion to Amend Pleadings: | 2/11/22 |
| | b. | Last day to file Motion to Add Parties: | 2/11/22 |
| 4. | | **RULE 26(a)(2) EXPERT DISCLOSURES & REPORTS** | **DATE** |
| | **Disclosures (subject and identity of experts)** | | |
| | a. | Party(ies) bearing burden of proof: | 10/14/22 |
| | b. | Counter disclosures: | 11/11/22 |
| | **Reports** | | |
| | a. | Party(ies) bearing burden of proof: | 10/14/22 |
| | b. | Counter reports: | 11/11/22 |
| 5. | | **OTHER DEADLINES** | **DATE** |
| | a. | Last day for expert discovery: | 12/9/22 |
| | b. | Deadline for filing dispositive or potentially dispositive motions: | 1/13/23 |
| | c. | Deadline for filing partial or complete motions to exclude expert testimony: | 1/13/23 |
| | d. | Deadline for filing a request for a scheduling conference for the purpose of setting a trial date if no dispositive motions are filed. | 1/20/23 |

---

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

| | | | | |
|---|---|---|---|---|
| **6.** | | **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION** | | **DATE** |
| | a. | Likely to request referral to a magistrate judge for settlement conference: | | No |
| | b. | Likely to request referral to court-annexed arbitration: | | No |
| | c. | Likely to request referral to court-annexed mediation: | | No |
| | d. | The parties will complete private mediation/arbitration by: | | 00/00/00 |
| | e. | Evaluate case for settlement/ADR on: | | 1/20/23 |
| | f. | Settlement probability: | | |

*Specify # of days for Bench or Jury trial as appropriate.*
*The Court will complete the shaded areas.*

| | | | **TIME** | **DATE** |
|---|---|---|---|---|
| **7.** | | **TRIAL AND PREPARATION FOR TRIAL** | | |
| | | At the time of argument on motions for summary judgment, the court will discuss the scheduling of trial. Counsel should come to the hearing prepared to discuss possible trial dates. If the schedule set forth herein is not extended, the parties can generally expect that trial dates will be set within three to six months. | | |
| | a. | Rule 26(a)(3) pretrial disclosures[1] | | |
| | | Plaintiff(s): | | 00/00/00 |
| | | Defendant(s): | | 00/00/00 |
| | b. | Objections to Rule 26(a)(3) disclosures (if different than 14 days provided in Rule) | | 00/00/00 |
| | c. | Special Attorney Conference[2] on or before: | | 00/00/00 |
| | d. | Settlement Conference[3] on or before: | | 00/00/00 |

---

[1] The Parties must disclose and exchange any demonstrative exhibits or animations with the 26(a)(3) disclosures.

[2] The Special Attorneys Conference does not involve the court. During this conference, unless otherwise ordered by the court, counsel will agree, to the extent possible, on voir dire questions, jury instructions, and a pretrial order. They will discuss the presentation of the case, and they

5

should schedule witnesses to avoid gaps and disruptions. The parties should mark exhibits in a way that does not result in duplication of documents. The pretrial order should include any special equipment or courtroom arrangement requirements.

[3] The Settlement Conference does not involve the court unless the court enters a separate order. Counsel must ensure that a person or representative with full settlement authority or otherwise

|   |   |   |   |   |   |
|---|---|---|---|---|---|
| e. | Final Pretrial Conference: |  |  | ___:___ .m. | 00/00/00 |
| f. | Trial | Length |  |  |  |
|  | i. Bench Trial | # days |  | ___:___ .m. | 00/00/00 |
|  | ii. Jury Trial | # days |  | ___:___ .m. | 00/00/00 |

**8.     OTHER MATTERS**

Parties should fully brief all Motions in Limine well in advance of the pretrial conference.

DATED this 25 January 2022.

_____
Dustin B. Pead
United States Magistrate Judge

---

authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.