IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SAMANTHA CARTER,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>PORSCHE SALT LAKE and STRONG AUTOBAHN, LLC,<br><br>　　　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-cv-708 DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

　　　　This matter is before the court on Defendants' Motion to Quash Plaintiff's Subpoena. (ECF No. 26).[1] For the reasons set forth herein, the court will grant the motion.

## BACKGROUND

　　　　Plaintiff who is proceeding pro se, brought this suit claiming violations of the FTC Act, equity skimming, violation of Utah Civil Rights, fraud, theft, intentional deception, conspiracy, equal rights, negligence, and intentional inflection of emotional distress. On March 23, 2022, Plaintiff sent a subpoena via e-mail to Defendants' law firm, Kip and Christian P.C., along with Defendants' insurer, Federated Mutual Insurance. The subpoena seeks a copy of "the entire claim file #552581 (currently open claim filed April 21, 2020, by Defendants)." Defendants note that they have "previously provided copies of liability insurance with their initial disclosures."

## ANALYSIS

　　　　Local Rule 45-1 provides that "[t]he notice of issuance of subpoena with a copy of the proposed subpoena that is (i) directed to a nonparty, and (ii) commands production of documents

---

[1] The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). (ECF No. 16.)

and things or inspection of premises before trial must be served on each party as prescribed by Fed. R. Civ. P. 45(a)(4)." Federal Rule of Civil Procedure 45 states:

> (4) Notice to Other Parties Before Service. If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

Fed. R. Civ. P. 45(a)(4). In addition, Rule 45 outlines how parties may serve a subpoena.

> Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

Fed. R. Civ. P. 45(b).

Here, Plaintiff failed to provide adequate notice of the subpoena. Additionally, Plaintiff responds that she used e-mail to serve the subpoenas, rather than following Rule 45, because she "was waiting for a response from the Insurance company to see if they would receive the subpoena without a financial burden to the Plaintiff." Op. p. 9, emphasis omitted. According to Plaintiff, it is "perfectly ok for the Plaintiff to communicate and ask, first" and there has been no harm done. *Id.* "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994). Because Plaintiff failed to comply with the Rules governing the issuance of subpoenas, the court GRANTS Defendants' Motion to Quash.

In addition, the court has briefly reviewed the subpoena and expresses serious concern as to whether Plaintiff is entitled to the claim file based on privilege assertions and proportionality issues. Moreover, Plaintiff's opposition memoranda that is filled with unsupported hyperbole and accusations does little to persuade the court otherwise.

## ORDER

Based upon Plaintiff's failure to comply with the Federal and Local Rules, Defendants' Motion to Quash is GRANTED.

DATED this 18 May 2022.

_____
Dustin B. Pead
United States Magistrate Judge