IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SAMANTHA CARTER,<br><br>Plaintiff,<br>v.<br><br>PORSCHE SALT LAKE and STRONG AUTOBAHN, LLC,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-cv-708 DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on Defendants' Motion to Dismiss.[1] Defendants seek to dismiss Plaintiff's Complaint under Federal Rule 12(b)(6) and 9(c) for failure to adequately plead any specific cause of action against Defendants. Defendants further assert that Plaintiff has failed to establish diversity jurisdiction. On October 18, 2022, the court ordered Plaintiff to show cause why Defendants' motion should not be granted, and this matter dismissed. Ms. Carter was given ten (10) days in which to respond and was cautioned that the motion would be granted absent a response. Twenty-nine days have now passed since the court issued its Order to Show Cause and Ms. Carter has neither provided a response nor made any other filing in this case. Defendants filed a request to submit on November 2, 2022.

## BACKGROUND

Plaintiff, who is proceeding pro se,[2] brought this suit claiming numerous violations of the FTC Act, equity skimming, violation of Utah Civil Rights, fraud, theft, intentional deception,

---

[1] The parties consented to the jurisdiction of the undersigned in accordance with 28 U.S.C. § 636(c). (ECF No. 16.)

[2] Plaintiff's filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

conspiracy, equal rights, negligence, and intentional inflection of emotional distress. On June 11, 2019, Plaintiff, a self-proclaimed nomad, went to Porsche Salt Lake with the intention of trading her 2018 Porsche for a 2019 Porsche. Complaint at p. 3 ¶ 3. Plaintiff then purchased a 2019 Miami Blue Porsche Macan and traded in her 2018 Macan S Porsche toward the purchase price. Plaintiff provided an additional $2,400 towards the purchase of the 2019 vehicle via a cashier's check. After driving over three hundred miles, Plaintiff returned the vehicle claiming the 2019 Porsche had mechanical problems. Complaint at p. 3, 5 ¶¶ 6, 9. Defendants sent the Porsche for repair and Plaintiff was provided a loaner Porsche Macan that she then wanted to purchase instead of the 2019 model that was sent for repair. Arrangements were made to have the loaner Porsche purchased and a check was issued for the difference to Plaintiff's business name, Mahogany Metallic LLC., which she used to purchase the 2019 Porsche. Plaintiff took issue with Defendants issuing the check in the business name. Defendants then offered to have the check reissued in Plaintiff's personal name, but she refused and threatened to file suit. Defendants provided a full reimbursement check on October 12, 2021. This suit was then filed in December 2021.

### DISCUSSION

Defendants move to dismiss Plaintiff's Complaint under Rule 12(b)(6). Defendants point to a number of problems with Plaintiff's Complaint including a failure under Utah Rule of Procedure Rule 9(c) to "state with particularity the circumstances constituting fraud or mistake." The Federal Rules have a similar provision requiring a plaintiff who alleges fraud or mistake to "state with particularity the circumstances constituting the fraud or mistake." Defendants also point to numerous failures by Plaintiff to sufficiently plead a prima facie case in the numerous claims she brings. These include a failure to provide evidence of any violation under the Federal

Trade Commission Act, a failure to set forth the elements of equity skimming under Utah Code 76-6-522, and failing to show Defendants acted with any intent to "cause a person to fear to freely exercise or enjoy any right." Utah Code Ann. § 76-3-203.3. Moreover, the mere recitation of the elements of fraud in a complaint fail to satisfy the particularity requirement undermining Plaintiff's allegations of fraud. *See Armed Forces Ins. Exch. v. Harrison*, 2003 UT 14, ¶16, 70 P.3d 35. Finally, Defendants point out that many of the claims Plaintiff seeks to bring do not have a private right of action. The court agrees with Defendants' arguments.

Although the court construes Plaintiff's pleadings liberally, Plaintiff still has "'the burden of alleging sufficient facts on which a recognized legal claim could be based.'" *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (citation omitted). The court can make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110, yet, the court "'will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf.'" *Smith v. United States*, 561 F.3d 1090, 1096 (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)). The court has carefully reviewed Plaintiff's Complaint and agrees with Defendants' arguments. Plaintiff appears to concede as much given her lack of a responsive filing. Thus, the court finds it proper to grant Defendants' motion.

**ORDER**

Based upon Plaintiff's failure to file any response to Defendants' motion, *see* DUCivR 7-1(f), and finding Defendants' arguments raised in the motion well taken, the court GRANTS Defendants' Motion to Dismiss. This matter is dismissed, and the Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED this 16 November 2022.

_____
Dustin B. Pead
United States Magistrate Judge